RUSSELL S. HUMPHREY, SBN 208744
HUMPHREY LAW GROUP
1420 S. Mills Ave., Ste. H
Lodi, CA  95242
Telephone: (209) 625-8976
Facsimile: (209) 625-8673
Email: russell@humphreylawgroup.net

Attorney for PLAINTIFF
Francisca Moralez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br><br>PLAINTIFF,<br><br>v.<br><br>THE HOME DEPOT; STAPLES INC.; WIN CO FOODS; ISLAND PACIFIC SUPERMARKET; RAMOS FURNITURE,<br><br><br>DEFENDANTS. | Case No.<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE III OF THE AMERICANS WITH DISABLITIES ACT OF 1990; VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT CAL CIV. CODE § 51, et seq., THE CALIFORNIA DISABLED PERSONS ACT CAL CIV. CODE § 54, et seq.<br><br>DEMAND FOR JURY TRIAL |

**I.  SUMMARY**

1.      This is a civil rights action by PLAINTIFF, Francisca Moralez (Hereinafter "PLAINTIFF"),

for discrimination at the building, structure, property and land known as:

The Home Depot, Staples Inc., Win Co Foods and Island Pacific Supermarket located at:

2400 N. Park Blvd.

Pittsburg, Contra Costa County, California 94565

And

Ramos Furniture located at:

2150 N. Park Blvd.

Pittsburg, Contra Costa County, California 94565

(Hereinafter collectively "DEFENDANTS")

2.     PLAINTIFF seeks damages, injunctive and declaratory relief, attorney fees and costs against the DEFENDANTS pursuant to the American with Disabilities Act of 1990, 42 U.S.C §12101 et seq. (hereinafter "ADA") and violations of the California Unruh Civil Rights Act, California Civil Code section 51 et seq., and the California Disabled Person's Act.  (California Civil Code section 54 et seq.)


## II.  JURISDICTION

3.     The United States District Court, Northern District of California, has original federal question jurisdiction of the action pursuant to 28 U.S.C. §1331 for violations of the ADA, 42 U.S.C. §12101 et seq.  The Court also has supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367, because the state law claims arise out of the same case or controversy.


## III.  VENUE

4.     All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. §1391(b),

(c).  Additionally, the real property that is the subject of this action is located in the United States District Court, Northern District of California.

## IV. INTRADISTRICT

5.      This civil case should be assigned to the Oakland intradistrict because the civil rights violations occurred in, and PLAINTIFF'S rights arose in, the Oakland intradistrict.  PLAINTIFF will stipulate to a Voluntary Dispute Resolution Program.  PLAINTIFF consents to an early Settlement Conference.

## V. PARTIES

6.      DEFENDANT THE HOME DEPOT is an American retailer of home improvement and construction products and services located at 2300 N. Park Blvd., Pittsburg, California 94565.  DEFENDANT THE HOME DEPOT is open to the public with on site parking.

7.      DEFENDANT STAPLES INC. is an international office supply chain store located at 2300 N. Park Blvd., Pittsburg, California 94565.  DEFENDANT STAPLES INC. is open to the public with on site parking.

8.      DEFENDANT WIN CO FOODS is a supermarket chain store located at 2300 N. Park Blvd., Pittsburg, California 94565.  DEFENDANT WIN CO FOODS is open to the public with on site parking.

9.      DEFENDANT ISLAND PACIFIC SUPERMARKET is a supermarket chain store located at 2300 N. Park Blvd., Pittsburg, California 94565.  DEFENDANT ISLAND PACIFIC SUPERMARKET is open to the public with on site parking.

10.     DEFENDANT RAMOS FURNITURE STORE is a furniture store located at 2350 N. Park Blvd., Pittsburg, California 94565.  DEFENDANT RAMOS FURNITURE STORE is open to the public with on site parking.

11.     PLAINTIFF is an American with severe physical impairments and is a "person with a disability" and a "physically handicapped person" pursuant to the rules and regulations of the ADA, 42 U.S.C  §12102 (2)(A); 28 C.F.R §36.104, and related California statutes including California Civil Code §51, et seq., and §54, et seq.  PLAINTIFF suffers from rhumatoid arthritis and needs the assistance of a wheelchair for assistance in her daily life activities.  In fact, PLAINTIFF cannot walk without the assistance from her motorized wheelchair.  She can, however, drive a motor vehicle and when she does, she brings her motorized wheelchair with her to assist with her mobility.

## VI. GENERAL ALLIGATIONS

12.     DEFENDANTS are "public accommodations" as defined by 42 U.S.C §12181(7); 28 C.F.R. §36.104 and subject to the requirements of California Civil Code §51 and §52 since they are businesses open to the public.  DEFENDANTS, and each of them located at 2100 N. Park Blvd., Pittsburg, Ca. 94565 and 2150 N. Park Blvd., Pittsburg, Ca. 94565, are open to the public as a retail home improvement and construction store, supermarkets, office supply store and furniture store whose sole purpose is intended for nonresidential commercial use and whose operation affects interstate commerce.

13.     PLAINTIFF regularly visits DEFENDANTS.  However, for purposes of this complaint, PLAINTIFF visited DEFENDANT THE HOME DEPOT on January 11, 2013, April 2013, June 2013, March 15, 2014 and March 18, 2014.  PLAINTIFF further visited the additional DEFENDANTS on January 18, 2013, April 8, 14, and 28, 2014.

14.     PLAINTIFF put DEFENDANT THE HOME DEPOT on notice of the inaccessible parking

lot several times beginning in January 11, 2013.  On that day, PLAINTIFF spoke with a supervisor

at DEFENDANT THE HOME DEPOT and explained that PLAINTIFF had significant accessibility

problems with the parking lot.  In particular, PLAINTIFF complained there was no van accessible

parking or a suitable path of travel, as required under both state and federal law.  PLAINTIFF

requested the supervisor call her back to discuss the accessibility issues.  No representative from

DEFENDANT THE HOME DEPOT ever contacted PLAINTIFF.

15.      In April 2013; June 29, 2013; March 15, 2014 and March 18, 2014, PLAINTIFF again

patronized DEFENDANT THE HOME DEPOT.  On each of these occasions, she was met with

significant physical barriers in that there was no van accessible parking or a safe and legal path of

travel.

16.     On each of the above-mentioned visits, PLAINTIFF spoke with representatives of

DEFENDANT THE HOME DEPOT.  As of the date of this complaint, no representative of

DEFENDANT THE HOME DEPOT eliminated the physical barriers or contacted PLAINTIFF to

discuss the problems.

17.     All DEFENDANTS mentioned in this complaint share the same parking lot.  The parking lot

has many physical barriers that make it virtually impossible for PLAINTIFF to safely patronize the

DEFENDANTS' businesses.  For example, on at least one occasion within the last year,

PLAINTIFF parked her van in an accessible parking spot with no vehicle parked adjacent to her, and

went into DEFENDANT THE HOME DEPOT.  When PLAINTIFF returned to her van, another

vehicle parked adjacent to PLAINTIFF'S van, where the ramp unfolds, which blocked her entry to

her van.  PLAINTIFF then had to sit and wait for the vehicle's driver to return.  However, after ten

minutes the driver did not return and the PLAINTIFF had to ask a total stranger to back her modified

van out of the accessible parking spot so she could properly enter her van.  PLAINTIFF had to turn her keys over to a complete stranger and suffer embarrassment, anxiety, discomfort and difficulty in doing so.  PLAINTIFF'S van is equipped with specialized equipment that the average driver will not be familiar with and this caused further anxiety as any such driver is not covered under her insurance policy.

18.     On another occasion, while visiting the DEFENDANT THE HOME DEPOT, PLAINTIFF again parked in an accessible parking spot with no other vehicle parked adjacent to her, exited her van, proceeded to begin her entry into the store.  However, she observed another vehicle park next to her van, and the driver exit the vehicle.  She approached the driver and asked her to please not park next to her van as this would make it impossible for her to re-enter her van.  The driver of the vehicle got angry and yelled at PLAINTIFF.  The driver did move her vehicle, but was very angry about it. PLAINTIFF experienced embarrassment and difficulty during this encounter.  Additionally, during all visits, PLAINTIFF experienced difficulty and discomfort entering each of the DEFENDANTS' stores as there are no safe exterior paths of travel from the parking lot to any of the entrances.  On at least two occasions, PLAINTIFF was almost hit because cars were moving in the parking lot could not see her and/or the cars did not see any cross walks to indicate they must slow down.  Also, moving by wheelchair from one store to another within the North Park Plaza was also dangerous for the PLAINTIFF as there were/are no safe paths of travel from, for example, DEFENDANT THE HOME DEPOT to DEFENDANT WIN CO FOODS.

19.     On every date mentioned in this complaint, PLAINTIFF encountered physical barriers that interfered with, if not outright denied, PLAINTIFF'S ability to use and enjoy the goods, services, privileges and accommodations offered at DEFENDANTS.

20.     PLAINTIFF personally encountered dozens of physical barriers in the DEFENDANTS' parking lot. DEFENDANTS' parking lot is not safe for PLAINTIFF, or other disabled people, which creates apprehension for PLAINTIFF when she must visit the DEFENDANTS' locations.

21.     PLAINTIFF seeks injunctive relief to require DEFENDANTS to remove all architectural barriers related to her disabilities and to comply with the ADA and Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG") contained in 28 CFR Part 36: Including, but not limited to; §4.2 Space Allowance and Reach Ranges; §4.3 Accessible Route; §4.5 Ground and Floor Surfaces; §4.6 Parking and Passenger Loading Zones; §4.7 Curb Ramps; §4.8 Ramps; §4.13 Doors; §4.14 Entrances; §4.30 Signage. In addition, PLAINTIFF seeks DEFENDANTS comply with Title 24 of the California Code of Regulations and California Building Standards Code where required. Finally, PLAINTIFF seeks removal of all physical barriers to accessibility that are readily achievable and to make all reasonable accommodations in order to enable the disabled public the same access to the public accommodation as the non-disabled public.

22.     PLAINTIFF is deterred and forgoes visits to DEFENDANTS based upon personal knowledge of existing architectural barriers. PLAINTIFF understands she is not required to engage in the "futile gesture" of actually returning to the inaccessible place of public accommodation, however, PLAINTIFF wishes to return to DEFENDANTS once the physical barriers are eliminated.

## VII. FIRST CLAIM
## VIOLATION OF TITLE III OF THE ADA

23.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 22.

24.     Title III of the ADA, and the regulations promulgated thereunder, require that after January 26, 1992, all new construction and alterations of facilities for the use of the public be designed and constructed in such a manner that the public accommodation is readily accessible to, and usable by, individuals with disabilities.

25.     DEFENDANTS discriminated, and each of them, against PLAINTIFF on the basis of PLAINTIFF'S disabilities and denied PLAINTIFF the opportunity to participate in, or benefit from, the goods, services, facilities, privileges, advantages or accommodations, in violation of 42 U.S.C. §12182(a), 42 U.S.C. §12182(b)(1)(A)(I).

26.     Moreover, DEFENDANTS' conduct denied PLAINTIFF, on the sole basis of PLAINTIFF'S disabilities, the opportunity to participate in, or benefit from, a good, service, privilege, advantage or accommodation that was equal to that afforded to other individuals in violation of 42 U.S.C. §12181(b)(1)(A)(ii).

27.     Furthermore, DEFENDANTS failed, and each of them, to provide PLAINTIFF with it's goods, services, facilities, privileges, advantages and accommodations in the most integrated setting appropriate to a disabled person's, including PLAINTIFF'S, individual needs in violation of 42 U.S.C. §12182(b)(1)(B).

28.     **INJUNCTIVE RELIEF:**  PLAINTIFF seeks injunctive relief to prohibit the acts and omissions of DEFENDANTS as complained of herein which have the effect of wrongfully discriminating against PLAINTIFF and other members of the public who are physically disabled from full and equal access to these public facilities.  Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of the PLAINTIFF in that these actions treated PLAINTIFF as an inferior and second-class citizen and served to discriminate against her on the sole basis that PLAINTIFF is, and at all times mentioned in this complaint was, a person with

disabilities. PLAINTIFF is currently deterred from patronizing DEFENDANTS and will be unable to achieve equal access to services and facilities at the public accommodation so long as such acts and omissions of DEFENDANTS continue. The acts of DEFENDANTS proximately caused irreparable injury to PLAINTIFF and will continue to cause irreparable injury to PLAINTIFF and to other disabled persons if not enjoined by this District Court.

29.     As of the date of the filing of this complaint, DEFENDANTS continue to be in violation of state and federal ADA law in that the complained of property and businesses are, and continue to be, generally inaccessible for use by physically disabled persons such as PLAINTIFF. PLAINTIFF requests that an injunction be ordered requiring that the DEFENDANTS take prompt action to modify the aforementioned policies and public facilities to render them accessible to and usable by PLAINTIFF, and thereby make DEFENDANTS' services available to and usable by physically disabled persons, including PLAINTIFF.

30.     Wherefore, PLAINTIFF prays the District Court grant relief as requested below.


### VIII. SECOND CLAIM
### VIOLATIONS OF CALIFORNIA CIVIL CODE §§ 51, et seq.


31.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 30.

32.     California's Civil Code §51(b) requires that individuals with disabilities have "full and equal accommodations, advantages, facilities, privileges or services in all establishments of every kind whatsoever." DEFENDANTS are, and at all times mentioned in this complaint were, violating the

California Civil Code §51 through DEFENDANTS failure to remove architectural and accessibility barriers to the public accommodations and also through the disparate treatment of the PLAINTIFF.

33.     DEFENDANTS complained of herein, located at 2300 N. Park Blvd., Pittsburg, Ca. 94565 and 2150 N. Park Blvd., Pittsburg, Ca. 94565, are, and at all time mentioned in this complaint were, "public accommodations" pursuant to the ADA and the California Civil Code.

34.     PLANTIFF encountered accessibility barriers and was also subjected to disparate treatment while she was patronized DEFENDANTS public accommodations.

35.     DEFENDANTS have, and at all times mentioned in this complaint had, architectural and accessibility barriers that limited access for disabled individuals, including PLAINTIFF.  The accessibility denied PLAINTIFF, and other disabled persons to the equal access at the DEFENDANTS and its accommodations, advantages, facilities, privileges, and services resulted in discrimination against PLAINTIFF on the sole basis of PLAINTIFF'S disabilities.  DEFENDANTS' violations are ongoing.

36.     DEFENDANTS' actions constitute intentional discrimination on the basis of PLAINTIFF'S disabilities in violation of the California Civil Code §51 in that: 1.)  DEFENDANTS owned, operated and maintained public accommodations with on site parking that was not ADA compliant and was inaccessible to disabled persons, and PLAINTIFF in particular; 2.)  DEFENDANTS knowingly failed to remove architectural and access barriers even though they were put on notice by PLAINTIFF of the accessibility barriers many times; 3.)  DEFENDANTS subjected PLAINTIFF to disparate treatment when PLAINIFF was treated differently from other members of the public due to PLAINTIFF'S disabilities.

37.     California Civil Code §52 provides that the discrimination by DEFENDANTS against PLAINTIFF on the basis of PLAINTIFF'S disability constitutes a violation of the general anti-discrimination provisions of California Civil Code §51 and §52.

38.     DEFENDANTS' discrimination constitutes a separate and distinct violation of California Civil Code §52, which provides that:

"Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to California Civil Code §51, §51.5, or §51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in §51, §51.5, or §51.6."

39.     DEFENDANTS knowingly violated California Civil Code §51 intentionally and/or with deliberate indifference to the likelihood that they were violating the rights of disabled people.  In addition, DEFENDANTS' violations were so intuitive or obvious that noncompliance could not be other than intentional.  In addition, PLAINTIFF put DEFENDANTS on notice of the physical barriers many times over the last year.

40.     The acts and omissions of the DEFENDANTS, as herein alleged, constitute a denial of access to, and use of, the described public facilities by physically disabled persons within the meaning of California Civil Code §51 and §52.  As a proximate result of DEFENDANTS' acts and omissions, DEFENDANTS discriminated against PLAINTIFF in violation of California Civil Code §51 and §52.

41.     Any violation of the ADA also constitutes a violation of California Civil Code §51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law.  Per

California Civil Code §51(f), "(A) violation of the right of any individual under the ADA (Public Law 101-336) shall also constitute a violation of this section."

42.     Wherefore, PLAINTIFF prays the District Court grant relief as requested below

## IX.  THIRD CLAIM

## VIOLATIONS OF CALIFORNIA CIVIL CODE § 54, et seq. – THE CALIFORNIA DISABLED PERSONS ACT

43.     PLAINTIFF hereby incorporates and re-alleges, as if fully set forth herein, each and every allegation contained in paragraphs 1 through 42.

44.     The California Disabled Persons Act, California Civil Code §§54 and 54.1, (Hereinafter "CDPA"), guarantees people with disabilities full and free use of all public places and full and equal access to all places to which the public is invited.

45.     DEFENDANTS are, and at all times mentioned in this complaint were, violating the rights of disabled persons, and violated the rights of PLAINTIFF, by denying her equal access to a public place through architectural barriers and disparate treatment.

46.     DEFENDANTS owns, operates, controls and/or leases a "public place" within the meaning of the CDPA.  By failing to remove architectural barriers or to provide reasonable accommodations to the PLAINTIFF, DEFENDANTS violated PLAINTIFF'S rights under the CDPA.

47.     The actions of the DEFENDANTS are, and at all times mentioned in this complaint were, in violation of the CDPA.

48.     PLAINTIFF is entitled to damages for each offense, and to declaratory relief under California Civil Code §54.3.

49.     PLAINTIFF is also entitled to reasonable attorneys' fees and costs under the CDPA.

50.    Wherefore, PLAINTIFF prays the District Court grant relief as requested below.

## X.  PRAYER

WHEREFORE, PLAINTIFF prays the following:

1.    Issue a preliminary and permanent injunction directing the DEFENDANTS to modify it's facilities and policies as required by law to comply with the ADA and ADA regulations, including the ADAAG where required; institute policy to enable PLAINTIFF to use goods and services offered to the non-disabled public so that DEFENDANTS provide adequate access to all citizens, including persons with disabilities; issue a preliminary and permanent injunction directing DEFENDANTS to maintain it's facilities usable by PLAINTIFF and similarly situated person with disabilities in compliance with federal regulations, and which provide full and equal access, as required by law;

2.    Retain jurisdiction over the DEFENDANTS until such time as the District Court is satisfied that DEFENDANTS' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3.    Award to PLAINTIFF all appropriate damages, including, but not limited to, statutory damages and general damages in an amount within the jurisdiction of the District Court, according to proof;

4.    Award PLAINTIFF all litigation expenses and costs of this proceeding, including all reasonable attorney fees as provided by law; and

5.    Grant such other and further relief as this District Court may deem just and proper.

Date:  July 22, 2014.

/s/ Russell S. Humphrey
By: Russell S. Humphrey
Attorney for PLAINTIFF
Francisca Moralez

**DEMAND FOR JURY TRIAL**

PLAINTIFF hereby demands a jury pursuant to FRCP 38(b) on all issues of law raised in the complaint.

Date:  July 22, 2014.

/s/ Russell S. Humphrey

By: Russell S. Humphrey
Attorney for PLAINTIFF
Francisca Moralez